IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,          )
                    Plaintiff      )
                                   )
        vs.                        )      C.A. No. 05-357 ml
                                   )
ONE LOT OF FOUR THOUSAND ONE HUNDRED )
DOLLARS ($4,100.00) IN U.S. CURRENCY, )
                    Defendant      )

COMPLAINT FOR FORFEITURE IN REM

    Plaintiff, the United States of America, acting by and

through the United States Attorney for the District of

Rhode Island, in a civil cause for forfeiture, alleges upon

information and belief:

    1.  That this Court has jurisdiction over this action

pursuant to 28 U.S.C. §§ 1345 and 1355, 1356, and 1395, 21

U.S.C. § 881(a)(6), and 18 U.S.C. § 983.

    2.  That on or about March 11, 2005, the defendant

currency, one lot of four thousand one hundred dollars

($4,100.00) in U.S. currency, was seized by members of the Rhode

Island State Police pursuant to the execution of a State of Rhode

Island search warrant at 7 Cassisi Court, North Providence, Rhode

Island (see affidavit of Rhode Island State Police Detective

Michael D. Casey attached hereto and made a part hereof).

    3.  That on or before March 11, 2005, the defendant

currency was used to facilitate the illegal possession and

distribution of cocaine and was intended to be used in exchange for cocaine in violation of 21 U.S.C. § 841 et. seq., to wit: The currency was seal packaged by Anthony J. Medeiros and stored in a safe at the residence of David and Diane Martin after having been received by Medeiros in exchange for cocaine. (see affidavit of Rhode Island State Police Detective Michael D. Casey attached hereto and made a part hereof).

4. That the defendant currency constitutes monies furnished or intended to be furnished in exchange for controlled substances and the proceeds of controlled substance exchanges as within the meaning of 21 U.S.C. § 881(a)(6).

5. That by reason of the foregoing, the defendant currency is forfeited to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6).

6. That Diane Martin has sent a claim of ownership to the Federal Bureau of Investigation causing the United States Attorney to bring this action pursuant to 18 U.S.C. § 983(a)(3).

WHEREFORE, plaintiff, the United States of America, prays that due process issue to enforce the forfeiture and to give notice to the interested parties to appear and show cause why forfeiture should not be decreed, that the defendant be condemned as forfeited to the United States of America and

2

thereafter be disposed of according to law; and for all costs incurred as well as such other and further relief as this court may deem just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney


VERIFICATION

I, Michael P. Iannotti, being duly sworn, depose and say that I am an Assistant United States Attorney for the District of Rhode Island, that I have read the foregoing Complaint for Forfeiture in Rem, and that the contents thereof are true to the best of my knowledge, information, and belief.

MICHAEL P. IANNOTTI
Assistant U.S. Attorney


Sworn to and subscribed to before me this 22nd day of August, 2005.

Notary Public

My commission expires 8/27/05.

## AFFIDAVIT

I, MICHAEL D. CASEY, being duly sworn depose and state:

1. I am a Detective with the Rhode Island State Police and have been so employed for the past eleven years. I am presently assigned to the Detective Bureau's Financial Crimes Unit.

2. This affidavit is submitted in support of the Complaint for Forfeiture *In Rem* against one lot of four thousand one hundred dollars ($4,100.00) in U.S. currency seized by members of the Rhode Island State Police on March 11, 2005, pursuant to the execution of a State of Rhode Island search warrant (attached hereto) at 7 Cassisi Court, North Providence, Rhode Island, the residence of David and Diane M. Martin.

3. During the end of January 2005, I received information from a confidential and previously reliable informant that Anthony J. Medeiros was storing cocaine at his residence and making approximately $15,000 per month selling cocaine from his residence at 27 Gillen Avenue, Apartment 311A, North Providence, Rhode Island and from Wheels Bar, 125 Washington Street, Providence, Rhode Island. The informant also indicated that Medeiros would "clean" his money by having his sister, Diane M. Martin, purchase real estate and motor vehicles with Medeiros' drug proceeds. On March 11, 2005, Medeiros' vehicle was stopped on Route 146 in Providence and Rhode Island State

Police Detectives seized currency and cocaine from his person, his vehicle, and a later consensual search of his residence. This resulted in the seizure of a total of $81,695.00 in U.S. currency and 362 individually wrapped clear plastic bags of cocaine. A portion of this money, approximately $62,000, was seal packaged in clear plastic wrap. Previous informant information had indicated that Medeiros would store currency at his residence, turn it into $100 bills, package it and transport it to his sister's house for storage. The details of my investigation are set forth in my affidavit dated March 11, 2005 which is attached hereto and made a part hereof.

4. Based upon the foregoing, a search warrant (attached hereto and made a part hereof) was obtained for the residence of David and Diane M. Martin at 7 Cassisi Court, North Providence, Rhode Island. At 5:00 p.m. on March 11, 2005, police officers entered the residence with Medeiros' assistance and found a safe that was similar to one found at Medeiros' residence. The safe contained two handguns and $4,100 in U.S. currency that was packaged in the same way that the money was stored at Medeiros' residence. Medeiros stated that he seal packaged the money for his sister, Diane, because it gets moldy and the packaging prevents it from smelling up the house. Inside the seal packaging was a note that read "Diane + David $4,000." The currency consisted of one 100-dollar bill and the remainder in fifties and twenties. Medeiros indicated that the Martins' obtained

2

the money from the buying and selling of houses even though they both collected SSI.

     5.  Based upon the foregoing, there is probable cause to believe that the $4,100 in U.S. currency, described above, was furnished and intended to be furnished in exchange for a controlled substance, that is, cocaine, and constitutes the proceeds of the exchange of controlled substances, and that said currency is, therefore, subject to seizure and forfeiture pursuant to Title 21 U.S.C. Section 881(a)(6).

                            _Det Michael Casey_ #136

MICHAEL D. CASEY
Detective
Rhode Island State Police


Subscribed and sworn to before me
this _17th_ day of August, 2005.

_Linda D. Vegnani_ Notary Public
Notary Public

My commission expires: 8/27/05

# Search Warrant

| State<br>Ex rel | Member of the Rhode Island State Police | County:<br>**Providence** |
|---|---|---|
| vs. Respondent<br><br>**The residence of Diane M. Martin DOB: 2/13/1953 of 7 Cassisi Court described as a two story ranch, color green with white shutters and white front door. This residence also has a one car garage with four small windows attached to it.** | | TO:   An Officer authorized by law to execute the within warrant, |

Complaint and affidavit having been made to me under oath, __Detective Michael Casey__ and as I am satisfied that there is probable cause for the belief therein set forth that grounds for issuing a search warrant exist, you are hereby commanded diligently to search the place or person herein described for the property specified and to bring such property or articles, and to summon the owner, or keeper thereof, if any be named in the complaint, if to be found by you, to appear before the District Court in the district where such property shall have been seized, namely the __6 th__ Division of the District Court of Rhode Island.

Place or person to be searched:   **The residence of Diane M. Martin DOB: 2/13/1953 of 7 Cassisi Court described as a two story ranch, color green with white shutters and white front door. This residence also has a one car garage with four small windows affixed to it.**

Property or articles to be searched for:   **To search for cocaine, and other illegal contra-band, narcotic packaging, drug related records, telephone/address books, ledgers, safety deposit box keys, video tapes, paging devices, computers, photographs, drug related paraphernalia as well as proceeds of narcotic transactions including United States Currency and any documents showing possession and control of the premises.**

Name of owner, or keeper, thereof if known to complainant:   **The residence of Diane M. Martin DOB: 2/13/1953 of 7 Cassisi Court described as a two story ranch, color green with white shutters and white front door. This residence also has a one car garage with four small windows affixed to it.**

Said warrant shall be served in the daytime -- may be served in the nighttime -- within seven (7) days from the issuance hereof, AND IF NOT SERVED WITHIN SAID TIME TO BE RETURNED FORTHWITH TO A JUDGE SITTING IN THE ABOVE NAMED COURT.

Property seized by you hereunder shall be safely kept by you under the direction of the Court so long as may be necessary for the purpose of being used as evidence in any case.  As soon as may be thereafter, if the same be subject to forfeiture, such further proceedings shall be had thereon for forfeiture as is prescribed by law.

Hereof fail not and MAKE TRUE RETURN PROMPTLY OF THIS WARRANT TO A JUDGE THERE SITTING with your doings thereon, accompanied by a written inventory of any property taken to a judge sitting in the above named court.

Issued at _____ in the county of _____ this _11th_ day of _March_, A.D _2005_,

# AFFIDAVIT

Your affiant upon oath states that he has reason to believe and does believe that grounds for such warrant exit and states the following facts on which such belief is founded on the following affidavit.

**SEE ATTACHED AFFIDAVIT OF DETECTIVE MICHAEL D. CASEY**

_____3/11/05_____          _____Det Casey #134_____
Date                                           Affiant

_____ Sc.. In _____ this _11th_ day of _March_ ,
before me personally came _____ and made oath to the truth of the foregoing.
            Michael Casey

_____
Judge of the District Court
Justice of the Supreme/Superior Court

_____
Judge of the District Court
Justice of the Supreme/Superior Court

## ACKNOWLEDGMENT OF RETURN

Warrant received on the _____ day of _____, _____, from _____ at _____.

_____
Judge

# State of Rhode Island and Providence Plantations
# Complaint to Search and Seize Property / or Person

*Michael H Ryan*

TO _____ Justice of the Supreme, Superior Court, or Judge of the District Court of the State of Rhode Island.

a)  **Detective Michael Casey**, Member of the Division of State Police.

b)  _____ a person authorized by law to bring complaints for violation of the law which it is my responsibility to enforce/a person who has a right to possession of the property stolen, embezzled, or obtained by false pretense or pretenses:

ON OATH COMPLAINS THAT:

(1)  Certain property has been stolen or embezzled, or obtained by false pretenses, or pretenses, with intent to cheat or defraud within this state or elsewhere.

(2)  Certain property has been kept, suffered to be kept, concealed, deposited, or possessed in violation of law, or for the purpose of violating the law;

(3)  Certain property is designed or intended for use, or is or has been used in violation of law, or as a means of committing a violation of law;

(4)

and prays that a warrant to search for and seize said property/person be issued and if the same be subject to forfeiture, that the property be forfeited.

The person/property or articles to be searched for and/or seized is described as follows:

To search for cocaine, and other illegal contra-band, narcotic packaging, drug related records, telephone/address books, ledgers, safety deposit box keys, video tapes, paging devices, computers, photographs, drug related paraphernalia as well as proceeds of narcotic transactions including United States Currency and any documents showing possession and control of the premises.

The name of the owner or keeper, thereof (if known) is:  The residence of Diane M. Martin DOB: 2/13/1953 of 7 Cassisi Court described as a two story ranch, color green with white shutters and white front door.  This residence also has a one car garage with four small windows affixed to it.

The place or person to be searched is described as follows:  The residence of Diane M. Martin DOB: 2/13/1953 of 7 Cassisi Court described as a two story ranch, color green with white shutters and white front door.  This residence also has a one car garage with four small windows affixed to it.

Your complainant prays that said warrant may be served in the night time for the reason that:  **No-Knock Search Warrant.**

Subscribed and sworn to before me:

_____
Date    3/11/05

_____
Judge/Justice

_____
Complainant

# AFFIDAVIT

Your Affiant, Detective Michael D. Casey, on oath, does depose and say:

That I am a member of the Rhode Island State Police and have been continuously employed in such capacity for the past 10-½ years, I am presently assigned to the Detective Bureau's Financial Crimes Unit. My duties include but are not limited to, investigations of all types of crimes in violation of the Rhode Island General Laws.

During the end of January 2005, a confidential and previously reliable informant contacted your affiant. This informant will be referred to in the masculine gender as Source One (S1) throughout the remainder of this document in order to protect his/her identity.

S1 advised your affiant that a subject that he knows as Anthony J. Medeiros DOB: 12/13/1948, alias John Doe, is storing cocaine at and selling cocaine from his residence located at 27 Gillen Avenue, Apartment #311A, North Providence, Rhode Island 02904. S1 further advised that Medeiros also sells cocaine at Wheels bar, which is located at 125 Washington Street, Providence, Rhode Island.

S1 advised your affiant that Medeiros is approximately 5'10 to 6', 260 lbs., brown eyes, and has a baldhead. Your affiant was further advised that Medeiros is collecting SSI for a bad hip. He sits at his apartment all day and sells forty dollar ($40.00) pieces of cocaine to about fifteen (15) to twenty (20) of his regular customers. According to S1, Medeiros keeps narcotics and the proceeds of his narcotic sales in a tan colored 1' by 1' by 1' safe that is stored in his residence. This safe has a combination and key lock.

S1 described to your affiant the location of Medeiros' residence. S1 further advised how to get to Medeiros' apartment. S1 stated that Gillen Avenue is right off of Charles Street in North Providence, Rhode Island and is the condominium complex on the right-hand side. The building is described as a three-story brick complex. Medeiros lives on the top floor that overlooks Gillen Avenue. S1 stated that when you go in the condominium complex, Medeiros' building will be right in front of you and the entrance door will be located on the north side of that building. S1 stated to access Medeiros' Apartment, enter that north side door (always unlocked) and there will be a flight of stairs on the right that goes up and one on the left that goes down. Go up to the top floor and Medeiros' Apartment will be on the right hand side with the number "311" on the door.

S1 advised your affiant that approximately every month, Medeiros purchases one thousand (1000), forty dollar ($40.00) piece bags from an Antonio Pereira that lives in the Foxpoint area of Providence. Medeiros purchases these bags for twenty-five dollars ($25.00) a piece and sells them for forty dollars ($40.00) to his customers. Therefore, Medeiros makes approximately fifteen thousand-dollars ($15,000.00) a month profit through the illegal sale of narcotics. S1 further advised that Pereira was recently arrested for Possession of Cocaine with Intent to Deliver and has been sentenced to the A.C.I.

S1 advised your affiant that Medeiros has several bank accounts with Citizens Bank under his name or that are held jointly with his sister, Diane M. Martin.

S1 advised your affiant that Medeiros has been "cleaning" his money by having his sister, Diane Martin, purchase real estate and motor vehicles through Medeiros' drug sales proceeds. S1 further stated that Diane Martin will also clean this money through her bank account and have her step-daughter, Corene Tigges DOB: 7/12/1974 of 35 Malcolm Street, North Providence, Rhode Island, purchase real estate and personal motor vehicles. S1 stated that Medeiros also stores U.S.

currency from the sale of narcotics in a safe similar to his own that is located within Diane Martin's residence. Furthermore, S1 advised your affiant that Medeiros and Martin have a jointly held safe deposit box located at Citizens Bank that contains a large amount of U.S. currency, which again came from the sale of illegal narcotics.

On February 2, 2005, your affiant received a printout photograph of Anthony J. Medeiros from the Rhode Island Department of Motor Vehicles. The printout describes Medeiros as 5'10, 220 lbs., brown eyes and the picture depicts him with a baldhead. It also lists an address of 27 Gillen Avenue #311A, North Providence, Rhode Island, with a license # ███████.

Your affiant conducted a check with Cox Cable Company regarding 27 Gillen Avenue, Apartment 311A, North Providence, Rhode Island. Your affiant was advised that the Cox Cable service is in the name of Anthony J. Medeiros, listing a social security number of ████████.

Your affiant conducted a check with SSI regarding the status of Anthony J. Medeiros collecting SSI. SSI confirmed that Medeiros collects five hundred, fifty-nine dollars ($559.00) a month and lists the mailing address of Medeiros as 27 Gillen Avenue, Apartment #311A, North Providence, Rhode Island, with a telephone number of 725-6169.

Your affiant also conducted a check with Cox Cable Company regarding 7 Cassisi Court, North Providence, Rhode Island. Your affiant was advised that the Cox Cable service is in the name of David Martin (Diane Martin's husband), listing a social security number of ███████.

S1 advised your affiant that Diane M. Martin is unemployed and is unable to work due to the effects of multiple sclerosis. David Martin DOB ████████, Diane Martin's husband, is also unemployed and also collects SSI for an undisclosed allaiment.

S1 advised your affiant that Medeiros also distributes and sells cocaine at "Wheels" bar located at 125 Washington Street, Providence, Rhode Island. At "Wheels", Medeiros stores his cocaine in three to four "Sucrets/Altoids" type containers that he brings into the bar. If Medeiros suspects police activity, he will attach the Sucrets/Altoids containers to Velcro that he has placed under the bar where he sits. Medeiros typically goes to "Wheels" on Fridays and Sundays at noontime and stays there until he sells out of cocaine.

On Sunday, February 6, 2005, at 12:33 PM, this detective observed Medeiros leave his residence and drive off in RI registration 10041 to a 2004 Ford SUV, color black. (This vehicle was leased through Ford, however Medeiros has paid the three-year lease up front.) This vehicle was observed taking a left onto Charles Street, a right onto Cooper Street, right onto Mineral Spring Avenue and a left onto Route 146 S/B. Medeiros continued onto Route 95 S/B and took the Atwells Avenue exit. Medeiros then took a left onto Atwells Avenue, a right onto Empire Street, a left onto Washington Street and a left onto Matthewson Street where he parked. Medeiros then exited his vehicle and walked (via the use of a wooden colored cane) into the entrance of Wheels bar.

On February 6, 2005, at 1:45 PM, your affiant responded back to 27 Gillen Avenue and entered the north side door that was open and slightly ajar. Your affiant went up to the top floor and observed Apartment #311 to be on the right hand side as S1 had previously described. The apartment looks over Gillen Avenue. Your affiant also observed that the stairway was exactly as S1 had described above.

On Friday, February 11, 2005, at 12:10 PM, your affiant again observed Medeiros leave his residence in RI registration 10041. This vehicle was again observed taking a left onto Charles Street, a right onto Cooper Street, right onto Mineral Spring Avenue and a left onto Route 146 S/B. Medeiros continued onto Route 95 S/B and took the Atwells Avenue exit. Medeiros then took a left onto

Atwells Avenue, a right onto Empire Street, a left onto Washington Street and subsequently parked in a pay lot on Matthewson Street. Medeiros then exited his vehicle and walked into the entrance of Wheels bar.

During February 2005, your affiant set up several surveillance posts in the area of 27 Gillen Avenue. Your affiant observed several vehicles drive up to 27 Gillen Avenue, enter the north side door of building A and come back out a few minutes later. Your affiant is aware that people in the sale of narcotics frequently have customers enter their residence and leave a short time later. The vehicles were all then observed to leave the area and head back out onto Charles Street.

In the middle of February 2005, Karen Felice, who is the case coordinator for the Rhode Island State Police Financial Crimes Unit conducted a West Law asset check under the names of Anthony Medeiros, Diane Martin and Corene Tigges. This check revealed that Martin and Tigges own four (4) real estate properties in the Rhode Island area.

On February 16, 2005, your affiant conducted a check through the ACI visitor list. Your affiant observed that David Martin and Corene L. Card (AKA Corene Tigges) were both on the visitor's list to see a Robert A. Medeiros. S1 advised that Robert Medeiros is Anthony Medeiros' brother.

On February 17, 2005, your affiant checked with the North Providence and Johnston City Hall Index records for listings of Anthony Medeiros, Diane Martin and David Martin. In the Index, an equity line was taken through Citizens Bank on October 2, 2004 by Diane Martin for $160,000.00 on her residence located at 7 Cassisi Court, North Providence, Rhode Island. Furthermore, it was ascertained that 27 Gillen Avenue, Apartment #311 A, and 7 Cassisi Court were owned in the name of Diane and David Martin and have no outstanding liens, other than the Citizens Bank equity line noted above.

On February 17, 2005, your affiant checked AutoTrack under the name of Corene L. Tigges (Card) and several hits came up with the address of 35 Malcolm Avenue, North Providence, Rhode Island, and 8 Washington Drive, Johnston, Rhode Island. The Washington Drive property was purchased on October 8, 2004, and coincidentally the Martins took out the $160,000 equity line on their residence through Citizens Bank during this time period.

On February 18, 2005, your affiant conducted a check with the Rhode Island Department of Corrections under the name of Antonio Pereira. Your affiant was advised that currently there is an Antonio Pereira DOB: 10-28-1975, of 30 Trenton Street, Providence, Rhode Island incarcerated for Manufacturing and Delivery of Controlled Substance- Cocaine. Pereira was previously identified as Medeiros supplier.

Your affiant is aware that persons in the business of selling illegal narcotics attempt to conceal and clean the proceeds of their sales from Law Enforcement through many means. In this case, the purchase of real estate, storing U.S. currency in safe deposit boxes, maintaining assets in third-party names and making small cash deposits into personal or jointly held bank accounts so as not to generate a Cash Transaction Report were used to conceal and clean the proceeds of their sales of narcotics. Additionally, Anthony Medeiros and Diane Martin's incomes are limited to the amount derived from SSI, and both are currently unemployed due to their disabilities.

On Friday, March 11, 2005 at 11:30 am, your affiant, along with other members of the Rhode Island State Police set up a surveillance around 27 Gillen Avenue, North Providence, Rhode Island. At 11:30 am, your affiant observed Anthony J. Medeiros exit the north side door of his condominium complex and enter his vehicle described as Rhode Island registration 10041 to a 2004 Ford SUV, color black. Medeiros was then observed to back his vehicle up and begin to drive out of the parking lot of 27 Gillen Avenue. Medeiros then proceeded onto Gillen Avenue,

took a left onto Charles Street and a right onto Cooper Street.  Prior to this, your affiant had followed Medeiros twice to Wheels Bar, which is located on 125 Washington Street, Providence, Rhode Island.  Medeiros then took a right onto Mineral Spring Avenue and a left onto Route 146 southbound.

At approximately 11:40 am, your affiant advised Trooper Perotti that Medeiros had just entered onto Route 146 Southbound and was heading towards his location.  Approximately one-half mile north of the Branch Avenue exit ramp, Trooper Perotti activated his emergency lights and stopped Medeiros' vehicle. Detective Barry and your affiant also stopped and began to approach Medeiros' vehicle.

At the vehicle, your affiant approached the passenger's side of Medeiros' vehicle and Detective Barry approached the driver's side.  Detective Barry requested for Medeiros to exit his vehicle for officer safety, and escorted Medeiros to the rear of his vehicle.  Your affiant looked in the open window of Medeiros' vehicle and observed a gold-labeled Altoids container that through informant information was possibly used to conceal cocaine.

At the rear of the vehicle, Detective Barry conducted a "Terry Pat" for officer safety and felt several large objects within Mederios' pockets.  Detective Barry reached in and pulled out a large amount of currency along and a small white bag containing a white powder like substance that both detective were immediately familiar as being cocaine.  At this point, your affiant advised that Medeiros was under arrest for possession of cocaine and read him his Miranda Rights.  Your affiant then asked if there was anymore cocaine in his vehicle.  Medeiros put his head down and stated that there is more in an "Altoids" container on the front seat of his car.  Your affiant then responded to his vehicle and took possession of the "Altoids" container and observed thirty (30) individual clear plastic bags all

containing a white powder like substance. Your affiant seized the container and responded back to Medeiros and asked if he would give consent for the State police to search his residence. Medeiros stated "yes" and that he would like to cooperate fully. Your affiant then transported Medeiros to his residence, along with Lieutenant Demers, Sergeant Casilli, Detective Barry, and Detective Ruggerio.

Outside of Medeiros' residence, Medeiros voluntarily signed a consent to search form and was escorted upstairs by detectives. At his apartment, Medeiros requested that he open the door because the apartment is alarmed. Inside the residence, Medeiros was allowed to sit at the kitchen table where a photograph was taken of him holding the consent form that he had previously signed. The search of Medeiros residence revealed approximately eighty-two thousand dollars ($82,000.00) in United States Currency and approximately three hundred fifty (350) individually packaged, clear plastic bags containing a white powder like substance. (At the Lincoln Barracks, a field test was conducted that revealed the presumptive presence of cocaine.)

Prior to leaving the residence, your affiant asked Medeiros if he would give consent to search the safe that was located at his sister's residence, Diane M. Martin. Medeiros nodded his head and said that he doesn't live there and can't give consent to search there. Your affiant then asked Medeiros if there was any further narcotics or money contained within that safe and Medeiros stated that he just has personal items stored in there. Medeiros also stated that his sister and her husband, David Martin are vacationing in Florida and are not around to give consent. Your affiant then asked if the safe was a large one or smaller one and Medeiros stated that is was the same as the safe that was in his room. Medeiros also stated that it is located in the basement of the Martin's residence. From previous informant information, Medeiros would store United States Currency at his residence, turn the currency into one hundred dollar ($100.00) bills, package it and then transport it over to his sister's house for storage. During the end of February and beginning of March, your affiant has also observed Medeiros' vehicle to be parked out in front of

RETURN OF SERVICE

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

_____, SC.

At _____ (place), _____ (date) A.D. _____, pursuant to the within warrant I have made search during the -- _____ -- as commanded and submit herewith a written inventory of property taken :

1)    _____ Four thousand, one hundred dollars ($4,100.00)
2)    Assorted paperwork- bank records, financial records
3)    Jennings J-22 serial # 1098238 handgun
4)    Amadeo Rossi .38 caliber revolver serial # D894961.
5)    Safe Depoist key to Citizens Bank in white envelope that says "Tony's key"
6)    16 gauge shotgun Davidosn Firearms Company color back with wood stock.
7)    Mossberg bolt action .308 caliber rifle with scope and deer strap.
8)    Mossberg .410 gauge model 183KC bolt action rifle.
9)    Remmington Arms shotgun.12 gauge with ducks engraved on handle.
10)   50 caliber buck hunter in line with the name "Tradition" serial # 14-13-003067-99 color black
11)   Ithaca 16 gauge shotgun serial # 611776-2

I have also summoned _____ named in said Complaint, as commanded to appear before the _____ Division of the District Court in _____ at 9:30 o'clock in the forenoon, on _____ A.D _____.

I have also given to _____ the person from whom -- from whose premises said property was taken -- a copy of the within warrant -- I have left a copy of the within warrant at -- on the place from which said property was taken -- but I did not find the person from whose premises said property was taken but left a copy of said warrant -- on the place from which the property was taken.

_____
Authorized Officer